UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NURLAN KALIMOV (A No. 240 686 893),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-6026 CKD P

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging Immigration and Customs Enforcement Agency detention at the California City ICE Detention Facility. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). ECF No. 10. For the reasons which follow, the petition is GRANTED.

I. Background

Petitioner is a native and citizen of Kazakhstan. ECF No. 9 at 6. He entered the United States on December 5, 2021, with a visitor's visa. Id. The visa expired on June 4, 2022. Id. at 7. Petitioner filed an application for asylum on April 6, 2022, which is still pending. Id.

On January 20, 2026, petitioner was arrested in Broward County, Florida for leaving the scene of a car crash. ECF No. 9 at 21-22. After being released by Broward County, petitioner

was detained by ICE, charged with being deportable under 8 U.S.C. § 1227(a)(1)(B) and informed he would remain in custody until conclusion of removal proceedings. ECF No. 9 at 7-8. On January 22, 2026, petitioner requested review by an immigration judge as to the decision that he would be detained. ECF No. 9-28. It does not appear petitioner obtained the requested review.

On February 19, 2026, petitioner was charged in Broward County with one count of leaving the scene of a car accident involving more than $50 damage, a misdemeanor. ECF No. 9 at 22-23. It appears charges remain pending.

On-line Executive Office of Immigration Review records indicate petitioner's next hearing concerning his immigration status is scheduled for September 29.

II. Standard for Habeas Relief.

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

The parties agree that petitioner is entitled to the procedures identified in 8 U.S.C. § 1226(a) and implementing regulations concerning his detention by ICE. Under that statute petitioner is entitled, at present, to a hearing before an immigration judge the result of which must be release from confinement if petitioner can show he is neither dangerous nor an unacceptable flight risk. Rodriguez Vazquez v. Bostock, 183 F.4th1160, 1167 (9th Cir. 2026). Good cause appearing, the court will order that such a hearing occur.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.
2. The Executive Office of Immigration Review commence the bond hearing required under 8 U.S.C. § 1226(a) with 14 days.
3. Petitioner be permitted to have counsel present at the hearing and adequate time for preparation.
4. If respondents fail to comply with this order, petitioner be released from custody.
5. Counsel for respondents inform the court of the result of the hearing within seven days of completion.
6. This case is closed.

Dated: September 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
kali6026.mer